LUPER SCHUSTER, J., concurring in part and dissenting in part.
 

 {¶ 24} The majority states it is broadly construing the claims in Lerner's amended complaint, and the majority delineates ten distinct theories of liability. Operating under this rubric, I am unable to agree in the entirety with the way the majority construes those ten theories of liability. Accordingly, I respectfully concur in part and dissent in part.
 

 {¶ 25} I concur with the majority that Lerner's claims that (1) Broadview's staff was inattentive to Irene's bed sores ; (2) Broadview's staff failed to ensure Irene's nasal cannula stayed in place; and (3) Broadview's staff failed to deliver to Irene pain medication as scheduled are all medical claims and are thus barred by the applicable statute of limitations. Additionally, I agree with the majority that we lack information to reach a conclusion as to whether the following claims meet the statutory definition of medical claims and thus do not warrant dismissal under Civ.R. 12(B)(6) : (1) failure to provide Irene with adequate personal care; (2) failure to provide Irene with clean sheets and sanitary living conditions; (3) failure to address the concerns of Irene's family; and (4) failure
 to provide appropriate information to Irene's family.
 

 {¶ 26} Though the majority considers "the failure to provide Irene with adequate personal care and treatment" as one claim, I would break that claim into two distinct issues: one addressing her personal care and one addressing her treatment. With that distinction, I do not agree with the majority's categorization of the remaining claims: (1) the failure of the nursing staff to communicate with the physical therapy staff; (2) the failure to provide Irene adequate treatment; (3) the failure to adequately address the concerns of Irene's medical team; and (4) the failure to adequately visit Irene to ensure she was stable. The majority concludes the amended complaint does not contain sufficient factual detail to determine whether these claims are medical claims. I disagree. These claims expressly contemplate the communication of Irene's medical team, her treatment, an assessment of whether she is "stable," and the concerns of Irene's medical team. I agree with the majority's analysis in paragraph 14 of what constitutes a medical claim and, based on that reasoning, I would conclude these remaining four claims all fall within the meaning of medical claim, either directly or indirectly as the majority explained. Accordingly, I would conclude these additional claims are time barred by the applicable statute of limitations.
 

 {¶ 27} For these reasons, I dissent from the portion of the majority opinion sustaining Lerner's assignments of error related to these four theories of liability.